IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL WERNER, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO: 5:16-cv-1086 |
| vs. § | |
| § | |
| CAMPESTRES LIVING, LLC and § | |
| MARIO CORONA. § | |
| § | |
| Defendants. § | |

## **COMPLAINT**
*[Jury Trial Demanded]*

Plaintiff Michael Werner for his Complaint against Campestres Living, LLC and Mario Corona states and alleges as follows:

### SUMMARY

1.\tCampestres Living, LLC and Mario Corona (hereinafter " "Defendants") required and/or permitted Michael Werner (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate him properly for such hours.

2.\tDefendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3.\tPlaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which he now seeks recovery.

### JURISDICTION AND VENUE

4.\tThis Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas because Defendants engage in business here.

### THE PARTIES

6. Defendant Campestres Living, LLC is a domestic limited liability company with its principle place of business in San Antonio, Texas. Service of process may be had on Defendant through its registered agent: Capital Corporate Services, Inc., 206 E. 9th St., Suite 1300, Austin, Texas 78701 or wherever he may be found.

7. Defendant Mario Corona is a resident of Texas. Service of process may be had on Defendant at: 14100 San Pedro Ave, Suite 101, San Antonio, Texas 78232.

### COVERAGE

8. Each Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant Corona was the managing agent of Campestres Living, LLC, said Defendant acted and acts directly in the interests of the Defendant Campestres Living, LLC. Defendant Corona effectively dominated Campestres Living, LLC administratively, or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Therefore, Defendant Corona was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

10. In furtherance of Defendants' business, Defendants' employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

11. Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

12. Accordingly, each Defendant is both a covered "enterprise" and an "employer" under the FLSA.

13. Defendant Campestres Living, LLC has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

### FACTUAL ALLEGATIONS

14. Defendants operate as a homebuilder that specializes in designing and personalizing custom homes.

15. While working for Defendants, Plaintiff was required to work at Defendants' office/design center to meet with clients and show them home models, design plans, and also land sights.

16. Plaintiff routinely worked at the office Tuesday through Sunday 10 am to 7 pm, and on Saturdays Plaintiff was required to place advertising signs along the highway. Plaintiff worked an average of 48 hours per week.

17. Plaintiff was employed by Defendants as a sales advisor.

18. Plaintiff was compensated on a commission basis; he received 6% commission for all land sales and 2% commission for all home sales. Defendant did not receive any overtime compensation for hours worked over forty (40) in a workweek.

19. There were also weeks wherein Plaintiff did not receive any compensation whatsoever, in violation of the FLSA's minimum wage requirement.

20. Defendants have violated the FLSA by refusing to pay Plaintiff the minimum wage and any overtime compensation due.

21. Plaintiff worked for Defendant from on or about February 12, 2016 through on or about August 25, 2016.

## CAUSES OF ACTION

### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

22. Plaintiff reavers and realleges paragraphs paragraphs 1 through 20 herein.

23. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) overtime pay, (ii) minimum wage, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

24. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

### PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

A. minimum wage for hours worked up to forty (40) in a workweek;

B. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rates;

C. an equal amount as liquidated damages as allowed under the FLSA;

D. damages accrued for a three year period;

E. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

F.     pre-judgment and post judgment interest at the highest rates allowed by law; and

G.     such other relief as to which Plaintiff may be entitled.

                                  Respectfully submitted,

                                  **GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No. 55409
George Z. Goldberg
FL Bar No. 031186
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:    800-719-1617
Facsimile:       (954) 585-4886
jloren@lorenlaw.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*